UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

| | |
|---|---|
| **JOSHUA AROCHO**, an individual, <br><br>Plaintiffs, <br><br>v. <br><br>**FITNESS INTERNATIONAL, LLC**, a California limited liability company, <br><br>Defendant. | CIVIL ACTION <br><br>Case No. 2:23-cv-615 <br><br>Judge: <br><br>Mag. Judge: |

## COMPLAINT AND DEMAND FOR JURY TRIAL

**NOW COMES** the Plaintiff, **JOSHUA AROCHO** ("**AROCHO**"), by and through undersigned counsel, and state the following for his Complaint:

### CAUSES OF ACTION

1. This is an action brought under the federal Fair Labor Standards Act. ("FLSA") and Florida common law for (1) unpaid overtime, (2) unpaid minimum wages, and (3) unpaid wages.

### PARTIES

2. The Plaintiff, **JOSHUA AROCHO** ("**AROCHO**" or "Plaintiff") is an individual and a resident of Florida who at all material times resided in Lee County, Florida and worked for the Defendant in Lee County, Florida. At all material times, **AROCHO** was employed by the Defendant as a personal trainer

and was classified as non-exempt by the Defendant and was paid an hourly wage. A great number of the clients **AROCHO** served were residents of other states who visit Southwest Florida on only a seasonal basis. **AROCHO** performed work in Lee County, Florida, which is within the Middle District of Florida, during the events giving rise to this case. **AROCHO** was an employee within the contemplation of 29 U.S.C. 203(e)(1). Thus, pursuant to 28 U.S.C. 1391(b), venue for this action lies in the Middle District of Florida.

3. The Defendant, **FITNESS INTERNATIONAL, LLC** ("**LA FITNESS**" or "Defendant") is a California limited liability company better known as "LA Fitness" that employed **AROCHO** in Lee County, Florida. **LA FITNESS** has gross annual income well in excess of $500,000.00 per year and is engaged in interstate commerce; it is a covered employer under the FLSA (29 U.S.C. §203(d), (r) and (s)). **LA FITNESS**'s employees are engaged in interstate commerce and their business model specifically involves interstate purchases and sending/receiving goods and funds from out-of-state sources. **LA FITNESS** collects monies, much of which is from out-of-state financial institutions. **LA FITNESS** has the authority to hire, fire, assign work, withhold work and affect the terms and conditions of persons like Plaintiff. **LA FITNESS** supervised and controlled Plaintiff's work schedules and conditions of employment, in addition to determining the rate and method of payment for Plaintiff. **LA FITNESS** maintains employment records of Plaintiff. **LA FITNESS** was the employer of Plaintiff.

## JURISDICTION AND VENUE

4. This Court has jurisdiction of this matter under 28 U.S.C. §1331, 1343(4), 2201 and 2202 and pursuant to the Fair Labor Standards Act (FLSA") 29 U.S.C. §§216(b) and 217. The jurisdiction of this Court is invoked to secure the protection and redress of the deprivation of rights secured by the FLSA.

5. Venue is proper in the United States District Court for the Middle District of Florida because the Plaintiff worked in, and the Defendant conducts business in, and some or all of the events giving rise to Plaintiff's claims occurred in Lee County, Florida, which is within the Middle District of Florida. Venue is proper in the Fort Myers Division under Local Rule 1.04 since the action accrued in Lee County, which is within the Fort Myers Division.

## GENERAL ALLEGATIONS

6. **AROCHO** began his employment with the Defendant in or about March 2020.

7. **AROCHO** and the Defendant agreed that he was to be paid at the rate of $26 per hour.

8. However, the Defendant only paid **AROCHO** for times that he was actively training clients on the floor.

9. This was pursuant to the Defendants policy that required personal trainers like **AROCHO** to remain on premises and perform work (such a soliciting new clients, making phone calls and performing other administrative work) that

did not include actively training clients, but such time was not compensated at all. Only when a personal trainer was training a client was the personal trainer paid.

10. **AROCHO** was usually required by the Defendant to work upwards of 60-hours per week and did so without proper minimum wage or overtime compensation.

11. As to many weeks during his employment with the Defendant, **AROCHO** was only paid for the time he was engaged in actively training clients but was required by the Defendant to perform dozens of hours doing other tasks that he was not paid an hourly wage for. This reduced his average weekly wage to be below the prevailing federal minimum wage for those weeks.

12. The Defendant has also refused to pay **AROCHO** the overtime he was lawfully entitled to for those hours that exceeded 40 in each week.

13. The Defendant has violated the FLSA by failing to pay overtime and minimum wages to **AROCHO** and has violated Florida common law by failing to pay **AROCHO** his full wages for each hour he worked.

## COUNT I: VIOLATION OF THE FLSA- UNPAID OVERTIME

14. The Plaintiff hereby incorporates Paragraphs 1-13 in this Count as though fully set forth herein.

15. Plaintiff was a covered, non-exempt employee under the FLSA at all times during his employment with the Defendant.

16. The Defendant was required by the FLSA to pay Plaintiff at least time and one-half for all hours worked in excess of 40 hours per week.

17. The Defendant had operational control over all aspects of Plaintiff's day-to-day functions during his employment, including compensation.

18. The Defendant was Plaintiff's employer and is liable for violations of the FLSA in this case.

19. The Defendant violated the FLSA by failing to pay Plaintiff at least time and one-half for all hours worked over 40 per week.

20. The Defendant has willfully violated the FLSA in refusing to pay Plaintiff's proper overtime for all hours worked over 40 per week.

21. As a result of the foregoing, Plaintiff has suffered damages of lost wages.

22. The Defendant is the proximate cause of Plaintiff's damages.

**WHEREFORE,** the Plaintiff prays that this Honorable Court enter a Judgment in his favor and against the Defendant for an amount consistent with evidence, together with liquidated damages, the costs of litigation, interest, and reasonable attorneys' fees.

**COUNT II: VIOLATION OF THE FLSA- UNPAID MINIMUM WAGES**

23. The Plaintiff hereby incorporates Paragraphs 1-13 in this Count as though fully set forth herein.

24. Plaintiff was a covered, non-exempt employee under the FLSA at all times during his employment with the Defendant.

25. The Defendant was required by the FLSA to pay Plaintiff at least minimum wage for all hours worked.

26. The Defendant had operational control over all aspects of Plaintiff's day-to-day functions during his employment, including compensation.

27. The Defendant was Plaintiff's employer and is liable for violations of the FLSA in this case.

28. The Defendant violated the FLSA by failing to pay Plaintiff at least minimum wage for all hours worked.

29. The Defendant has willfully violated the FLSA in refusing to pay Plaintiff's proper minimum wage for all hours worked.

30. As a result of the foregoing, Plaintiff has suffered damages of lost wages.

31. The Defendant is the proximate cause of Plaintiff's damages.

**WHEREFORE,** the Plaintiff prays that this Honorable Court enter a Judgment in his favor and against the Defendant for an amount consistent with evidence, together with liquidated damages, the costs of litigation, interest, and reasonable attorneys' fees.

## COUNT III – UNPAID WAGES

32. The Plaintiff realleges and incorporates Paragraphs 1-13 in this Count by reference.

33. As part of his employment with the Defendant, **AROCHO** was to be compensated per the terms cited above.

34. **AROCHO** fully and satisfactorily performed his duties.

35. The Defendant has failed to pay **AROCHO** his proper wages due pursuant to the terms of his employment.

36. **AROCHO** has been damaged as a result of the Defendant's breach of the contract of employment.

37. This Count is timely brought and all conditions precedent have occurred or been waived.

**WHEREFORE**, Plaintiff respectfully demands that this Honorable Court enter his judgment in favor of Plaintiff and against Defendant in the amount consistent with the evidence, together with the costs of this litigation, interest, reasonable attorney's fees, and all other relief as this Court deems proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b) and the Seventh Amendment to the United States, the Plaintiffs demand a trial by jury as to all issues triable as of right.

Respectfully submitted,

Dated: August 14, 2023   **/s/ Benjamin H. Yormak**
Benjamin H. Yormak
Florida Bar Number 71272
Lead Counsel for Plaintiff
Yormak Employment & Disability Law
27200 Riverview Center Blvd., Suite 109
Bonita Springs, Florida 34134
Telephone: (239) 985-9691
Fax: (239) 288-2534
Email: byormak@yormaklaw.com